# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7105 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Eric Walker vs. Correct Care Solution, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend his complaint [#9] is granted. The Court finds that plaintiff may proceed with his amended complaint. The Clerk is directed to issue summonses for defendants Nurse K. Bishop, Nurse Abrame, Nurse Bunce, Nurse Phosey, Nurse Miller, Nurse Washington, and Nurse Hosey, and the United States Marshals Service is appointed to serve them. The Clerk shall send plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion to respond to defendants' response to the Court's order to show cause as to why they should not be held in default [#10] is granted. The Court's order to show cause [#6] is vacated. The Court will set a further schedule after defendants respond to the complaint.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff filed suit in state court, pursuant to 42 U.S.C. § 1983. On October 7, 2011, defendants filed a notice of removal, seeking to remove this case from state court to federal court, pursuant to 28 U.S.C. §§ 1331 and 1441(b). Subsequent to removal, plaintiff filed a motion for leave to amend his complaint, adding seven new defendants: Nurse K. Bishop; Nurse Abrame; Nurse Bunce; Nurse Phosey; Nurse Miller; Nurse Washington; and Nurse Hosey. Plaintiff's motion for leave to amend is granted.

The Court has reviewed the proposed amended complaint as required by 28 U.S.C. § 1915A and find that, accepting plaintiff's allegations as true, he has sufficiently stated a claim for deliberate indifference to a serious medical condition as to all defendants in his amended complaint. *See Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006).

The Clerk shall issue summonses for service of the complaint on defendants Nurse K. Bishop, Nurse Abrame, Nurse Bunce, Nurse Phosey, Nurse Miller, Nurse Washington, and Nurse Hosey (hereinafter, "Defendants"). The Clerk shall also send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order.

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. If any defendant can no longer be found at the work address provided by plaintiff, Correct Care Solutions, Inc. shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

On December 6, 2011, the Court entered an order to show cause as to why defendants should not be held in default because they failed to file a response to plaintiff's complaint within seven days after removing it to federal court as required by FED. R. CIV. P. 81(c)(2)(C). Defendants responded by stating, in effect, that they

**STATEMENT**

did not believe a response was required because plaintiff is presently barred from litigating civil rights actions in this Court. *See* Order entered December 10, 2009, in *In the Matter of Eric Walker*, Case No. 97 C 0867. Plaintiff filed a motion in response to defendants' response. The Court construes plaintiff's motion as a reply, and to that extent it is granted. To the extent defendants were suggesting that by removing the case to this Court, they would somehow put an end to it due to the filing bar against plaintiff, the suggestion is without merit. That said, because of the preference for determining cases on their merits, the Court vacates the order to show cause.

After the case was removed to this Court by defendants, the Court raised with this district's Executive Committee (of which the undersigned judge is a member) the issue of the effect of the barring order on this case. The Executive Committee determined that this case is an exception to the barring order. The reason is that defendants, not plaintiff, brought the case here. Defendants are entitled to a federal forum for this case, and plaintiff is entitled to litigate it here because he was forced into this forum by reason of defendants' removal of the case from state court. The barring order remains in effect for all matters other than the claims plaintiff has asserted in his amended complaint in this case.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any Court filing to Defendants (or to defense counsel, once an attorney has entered an appearance on behalf of Defendants). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Defendants are ordered to file their response to plaintiff's amended complaint within thirty days of the date when service is effectuated on the last defendant to be served. The Court will enter a further scheduling order after defendants respond to the amended complaint.