Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7105 | **DATE** | June 20, 2012 |
| **CASE TITLE** | Eric Walker vs. Correct Care Solution, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend his complaint [#30] is granted. The Court finds pursuant to 28 U.S.C. § 1915A, that Plaintiff may proceed with his amended complaint. However, the Will County Adult Detention Facility is dismissed as a Defendant. The Clerk is directed to issue summons for Defendant Will County and the United States Marshals Service is appointed to serve it. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion to compel [#27] is granted in part and denied in part, as described below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff seeks leave to file a second amended complaint. Defendants essentially do not object, except to note that Plaintiff has included a new claim and to ask the Court to review the proposed amended complaint under 28 U.S.C. § 1915A. The Court has done so and finds that Plaintiff has stated a viable claim for deliberate indifference to a serious medical condition, *see Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006), as to all Defendants except Will County Adult Correctional Facility ("WCADF"), which is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). WCADF is dismissed as a Defendant. The Court further finds that Plaintiff has stated a claim against Will County and Correct Care Solutions, Inc. for an alleged custom and policy of delaying treatment to inmates at the WCADF.

The Clerk shall issue summons for service of the complaint on Defendant Will County. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Will County. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant Will County with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant Will County.

The Court has also reviewed Plaintiff's motion to compel discovery and Defendants' response. In their response, Defendants say it was up to Plaintiff to make arrangements to view his medical records at WCADF. Now, however, Plaintiff has been transferred to Stateville Correctional Center. For this reason, the Court directs Defendants to make copies of the requested medical records and provide them to Plaintiff by July 13, 2012.

Defendants also argue that Plaintiff's document requests 3 and 5 are inappropriate. The objection is well-founded as to the part of request 3 in which Plaintiff seeks identities of Correct Care executives and their addresses. Correct Care has already answered the complaint, so Plaintiff does not need this information to serve the company with summons. If Plaintiff can show that the identities of executives is a relevant topic of discovery, the Court is willing to revisit this issue. The Court overrules Defendants' objection to the remainder of request 3, in which Plaintiff seeks policies, directives and the contract between Correct Care and WCADF. The Court has determined that Plaintiff has stated a claim against Correct Care and Will County, and the documents Plaintiff seeks are likely to contain information relevant to that claim. Defendants' objection that those documents are not in their custody or control is not well-founded, as both Correct Care and Will County are Defendants, and one

| STATEMENT |
|---|
| or both of those entities almost certainly has documents within the categories sought. If Defendants have a supportable concern regarding dissemination of the documents, they may move for an appropriate protective order.<br>      Finally, with respect to Plaintiff's request 5, the Court is persuaded that the information requested, a list of the equipment used at WCADF to examine, diagnose, and treat detainees, does not exist in written form in the custody and control of any of the Defendants. Because Fed. R. Civ. P. 34 does not require a party to create a document that does not exist at the time of the request, if Plaintiff wants this information, he should seek it by way of an interrogatory pursuant to Fed. R. Civ. P. 33(a) or a written deposition question, pursuant to Fed. R. Civ. P. 31(a). |